*Court of Common Pleas, Dauphin County, April 15th, 1858.*

## RYAN *v.* CASEY.

When a judgment is entered with a stay of execution till due, this is an implied waiver of stay after the judgment is payable; if it is revived by *scire facias,* the same rule exists.

BY THE COURT.—This application for a stay of execution is made under the 6th section of the act of October 13th, 1857. It appears that the original judgment was entered to April Term, 1849, on a bond with warrant of attorney. The debt bore interest from April 1st, 1848, and fell due on April 1st, 1850, *"with stay of execution till due."* The judgment was revived by *scire facias* on the 22d July, 1854, by agreement, and *fi. fa.* issued thereon, No. 73, of April Term, 1858.

We are now asked to set aside the *fi. fa.* on the ground that the defendant has such a freehold as entitled him to a stay of execution under the statute. The only questions presented are, is the stay of execution expressly waived by the debtor on this judgment, or has it been already taken? If it comes within either category the defendant is not entitled to it. In the original judgment the defendant agreed that he should have a stay of execution until the debt was due. This we consider equivalent to an agreement that the debt should be without stay of execution; an agreement forming part of the original contract, and therefore valid and binding. It was out of the power of the legislature to change it without impairing the obligation of the contract. The stay of execution as much formed part of the contract as the time of payment or amount to be paid. But it is contended that on the revival the defendant is entitled to a stay on the judgment. We do not so construe the law; the words of the statute are, " *debts* on which the stay of execution is expressly waived by the debtor," or "judgment on which a stay of execution has already been taken." If the defendant has had the advantage of a stay on the original judgment, he cannot claim it again on a revival. If he waived it as to the debt, he cannot afterwards claim it under this act. The revival is not a new judgment, but merely the demand of execution on old one, to which the statute in Pennsylvania has given authority to add the interest due at the time of revival. It remains the same judgment. It is our duty to so construe every statute as to bring it within the constitutional power of the legislature, if practicable. The present act, by a fair construction, does not impair the obligation of contracts. To construe it as urged by the defendant would change the agreement of the parties. From the wording of the 6th section it may admit of doubts as to whether a judgment revived by *sci. fa.* was contemplated by the legislature in granting a stay of execution; but we decline deciding that

question.    The application for a stay is refused; and on the execution being corrected to conform to the præcipe as to the time of computing interest, the sheriff is directed to proceed with the writ.